•OPIUION OP THE CotTRT, BY
JuDGE'MlIiLS'.
, BowM.®s,<the plaintiff in error, Tecovered1 latí® of lh.e defendahtsheld by 'adverse titles, añ'd commissipnei’s were é^^tnted to vul&e improvements, rents,, fecíWR^Rhe .a^jjj|gf assembly co^cernfqg claimants of land. Upon the return of the repoTVtne .valpe of tl^S^mprovements exceeded threeffourthfS&f"0811 the valudftfthe land, and Bowman elected tp occupants .to keep the land, and released fiís^ejjp title, and gave bond and security to, refund/ an mí ñe eupants tendered bond with security for the pric& the land. There were some rents after judgment, reported in favor of Bowman, and he mpvfe.i^tlje court direct these rents, in addition to the price of the land, to be included in sai.d bonds given by the occupant's, or that the court should rend,erjudgrhentforthe amount in his favor. The court below refused to do either, and' this forms the only question for our consideration, and depends upon thq meaning of .some expressions used-in* the occupying claimant law of 1812.
The eighth and ninth sections oftth^t act, direct what is to be done, if the 'improvements exceed not three-, fourthsofthe value ofthe land. The successful claimant is to give bond and security for the amount, or the occupants, in case- <sf his failure, may keep the land, they securing the price. The tenth section is directory, in cáse the improvements exceed three-fourths of the value of the land. The successful claimant may then have;his election to take the-price for the land. To this section, two provisos are annexed, on the last of which this question rests. They are as follovS': “Provided,, however, that the- successful claimant shall release his-claim to the occupant and give bond, and approved security to refund the'money, in case the occupant or improver should be evicted by any claim paramount to that so refÉised: Provided, always, lhatany rents, damages, waste or profits, as aforesaid reported against the occupqnt, shall be deducted.by the court from the esti-matedvalue of the improvements; or where the case, may require, the court shall render judgment therefor, in fa-. *316 yor of the successful claimarft., against the occupant or occupants respectively, unless the payment thereof in two equal annutlL instalments, together with interest, shall be secured by hon'd with approved security,.”.
The meaning and application of these two provisos, will be^bett.er understood by consideringdhem to be provisos not only to the tenth, hut also, to the. eighth^ and nint^.sections. Thus, the first^applies to-mcase which ..maji arise under the eighth and h'inth secl^fe, where ' the occupant elects to keep the landos weir fs' to the tejjth, where the successful claimant electsjo compel the occupant to take.it'. d3o the second proviFo applies ex.-cltfsivcly to cases arising under (he eighth and begin-jjingijaf j;he ninth section, where the improvements are to be paid for. In that case, by.this proviso, rents, damages, waste, &c. are first to be deducted,' before judg-r .ment rendered or bond given for improvements,- which cannot happen in the case provided for ' in the tenth section. jL’o this direction is added, the authority to render judgment for rents, damages and waste, where the case so require, unless bond and security are given. It would he contrary to the tenor of the act to compel the occupant to pay the rent, from which the act carefully screen's him, in a case where he-.paid for and keeps the land, and the oilier parly gets all he -is entitled to in the price. The ease which 11 so requires” the court to render judgment for the.rent. &,c. cannot, therefore, be the case where the successful claimant parts with the land and receives the price, and th^ words “ where the case may require,” may be satisfied by applying them to cases' where the rents exceed the improvements, and leave a balance against the-occupant in favor of the successful claimant. In that case, the rents, ■fee. arc to be secured either by bond or judgment, when the successful claimant gets the land. It is admitted, that such case’s would he rare; but still they are possible, and for them this proviso'was intended; And wo cannot, by construction, when another meaning is apparent, say, that this proviso intended to give the rents, waste, &c. to the succéssfül claimant, in addition to the price of his land, without a more express dmection. It is true, it may be contended that the law intended .to give the rents, after the land' is .proved tp belong t-o the successful-claimant, to him, until he parts with the land, as.a moral right. To this, however, it may be answer- *317 icRt&at -rents, aná-L$íiste, are put .upon the sanié fooling, andpF can hardly be supposed, that the legislature infe^^íRhat ihe-ipceupant' should'pay the successful ciSipint' for damages and waste.,; which could no'tiíyúre any but the occupant bimsélfi after Jte purchased-iil^ land, especially as the occupant «takes |t in its natmraí state, as if no such dam-.^.had been wpmmUted,. It could not, in "*&lly riglffUto compel the occupant,?to alnagps and waste, and yet make him out of the-estate. •'' the lai; ages' such (? pay fo-i bear t
ft, must, therefore, be affirmed kith costs;’